(No. 3279—

NETTIE SCHLUP, ADMINISTRATRIX OF THE ESTATE OF BARNEY W. LEE, DECEASED, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed December 12, 1940.*

DAVIDSON & DAVIDSON and BROWN, HAY & STEPHENS, for claimant.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

On August 14, 1937, one Barney W. Lee was in the employ of the respondent as a laborer in the maintenance department of the Division of Highways, and was engaged in cutting vegetation on the right-of-way of S. B. I. Route No. 127, about seven (7) miles south of the Village of Greenville, in Bond County. The crew foreman had made arrangements with one of the adjoining property owners to provide a hay rack and team to move the vegetation off the right-of-way, provided the respondent would furnish the help to load and unload same. Lee was assigned to the work of assisting with the loading and unloading, and was riding on a load while the same was being taken from the highway. In turn-

ing off the highway the wagon overturned and Lee was thrown onto the concrete pavement, sustaining a contusion of the left forehead and temple, as well as an abrasion of the face, sprain and torn ligaments of the left wrist, and a sprain of the great toe of the right foot. He was removed to his home in Greenville, where he was attended by Dr. William L. Hall, who continued to treat him until September 1, 1937, and who reported on September 6, 1937, that there was no permanent injury.

Lee returned to work for respondent on October 5th, 1937, and continued to work until October 16, 1937, although he subsequently testified that he never did feel right after the accident.

He continued to receive his regular salary from October 17, 1937, to April 29, 1938, to wit, the sum of $228.20, which being for non-productive time, must be considered as compensation and deducted from any award made herein.

On October 17, 1937, Lee's sister called Dr. William T. Easley, who examined Lee and found him insane. On October 20, 1937, Dr. H. D. Cartmell of Greenville was also called to attend Lee and advised hospitalization and treatment by specialists in St. Louis. On October 21st Lee was taken to the Evangelical Deaconess Home and Hospital in St. Louis, where he remained until November 19, 1937, under the care of Dr. L. H. Hempelmann. Dr. Hempelmann called into consultation Dr. Roland W. Klemme, a specialist in brain surgery. At such consultation it was determined to operate on Mr. Lee's head for the purpose of making a ventriculogram, which was done. Thereafter claimant began to improve and the operating doctors were of the opinion that he might have a complete recovery if he did not return to work too soon.

Lee returned to his home from the hospital on November 19, 1937, and continued under the care of Dr. Cartmell until March 2, 1938. On the last mentioned date, with the acquiescence of the Division of Highways, Lee was taken to Chicago for examination by Dr. H. B. Thomas, head of the Department of Orthopedics, College of Medicine, University of Illinois, and Dr. H. Douglas Singer, head of the Department of Neuropsychiatry, College of Medicine, University of Illinois, and remained in Chicago until the evening of March 7, 1938. Thereafter Dr. Singer reported to Dr. Thomas that in his opinion the injury sustained by claimant was the actual

cause of his disability, and thereafter Dr. Thomas reported to the Division that "the disability of which the claimant complains is due to his cardio-vascular disease, contributed by the accident."

After his examination in Chicago, Lee returned to his home, and was examined by Dr. Cartmell on several occasions. On May 9, 1938, Dr. Cartmell submitted a report to the Division of Highways in which he stated:

"I do not think he will ever be fit to work;
Prognosis—Permanent disability."

On June 18, 1938, said Barney W. Lee filed his claim for compensation in this court.

On or about February 15, 1939, Lee was taken to the Mark Greer Hospital at Vandalia, Illinois, and died there on February 22, 1939.

On May 15, 1939, Nettie Schlup was appointed administratrix of the estate of said Barney W. Lee, deceased, and thereafter as such administratrix was substituted as claimant herein.

The present claimant seeks to recover an award for the compensation due Barney W. Lee at the time of his death, the unpaid hospital and medical bills, and for funeral expenses as provided for by the Compensation Act.

It appears from the evidence that all medical, surgical and hospital bills have been paid by the respondent, except the bill of Dr. H. D. Cartmell in the amount of $42.50 and the bill of Mark Greer Hospital in the amount of $38.50.

It also appears that said Barney W. Lee was not regularly employed by respondent for one year prior to the accident in question; that the work in which he was engaged at the time of such accident was work in which it was the custom to operate for a part of the whole number of working days in each year; that he was paid forty cents (40c) per hour for an eight-hour day, and his annual earnings, in accordance with the provisions of paragraph (e) of Section Ten (10) of the Workmen's Compensation Act must therefore be taken to be Six Hundred Forty Dollars ($640.00) and his average weekly wage Twelve Dollars and Thirty Cents ($12.30). All compensation payments, therefore, must be at the minimum rate of Seven Dollars and Fifty Cents ($7.50) per week.

The said Barney W. Lee was fifty-seven (57) years of age at the time of the accident in question, had no children and no dependents.

The medical testimony in the record is quite voluminous and from such testimony it satisfactorily appears that Lee was completely and permanently disabled as the result of the injuries sustained by him on August 14, 1937, and therefore the administrator of his estate is entitled to have and receive from the respondent compensation at the rate of $7.50 per week for seventy-eight (78) weeks, being from the date of his injury to the date of his death as aforesaid, less the period from October 5, 1937, to October 16, 1937, during which period he worked for the respondent, and less the sum of $228.20 heretofore paid to him as aforesaid; and that all of such compensation has accrued at this time.

Under the provisions of paragraph (a), Section eight (8) of the Workmen's Compensation Act, the respondent is required to furnish all necessary first aid medical and surgical services, and all necessary medical, surgical and hospital services thereafter which are reasonably required to cure or relieve from the effects of the injury. All of such medical, surgical and hospital services have been furnished by the respondent except the aforementioned bill of Dr. Cartmell in the amount of $42.50 and the aforementioned bill of Mark Greer Hospital in the amount of $38.50, for which bills the respondent is liable under the terms of the Workmen's Compensation Act.

Under the provisions of paragraph (e) of Section Seven (7) of the Compensation Act in force at the time of the accident, the respondent is also liable for burial expenses of the decedent in an amount not to exceed One Hundred Fifty Dollars ($150.00), same to be paid to the person incurring the expense of burial. The evidence discloses that Lena Cook, a sister of the decedent, paid the funeral expenses and that the same exceeded $150.00. She is therefore entitled to be reimbursed therefor by the respondent to the extent of $150.00.

Pursuant to the further provisions of said paragraph (e) of Section Seven (7) of said Workmen's Compensation Act, in force August 14, 1937, the respondent is also required to pay into a special fund of which the State Treasurer is ex-officio custodian the sum of Six Hundred Dollars ($600.00).

Award is therefore hereby entered as follows:

1) In favor of Nettie Schlup, Administrator of the estate of Barney W. Lee, deceased, the sum of Three Hundred Fifty-six Dollars and Eighty Cents ($356.80).

2) In favor of Nettie Schlup, Administrator of the estate of Barney W. Lee, deceased, for the use of Dr. H. D. Cartmell, the sum of Forty-two Dollars and Fifty Cents ($42.50).

3) In favor of Nettie Schlup, Administrator of the estate of Barney W. Lee, deceased, for the use of Mark Greer Hospital, the sum of Thirty-eight Dollars and Fifty Cents ($38.50).

4) To Lena Cook, in repayment for funeral expenses advanced by her, the sum of One Hundred Fifty Dollars ($150.00).

5) To the State Treasurer of the State of Illinois, as ex-officio custodian of the Workmen's Compensation Special Fund, the sum of Six Hundred Dollars ($600.00), said sum to be held and disbursed by said State Treasurer in accordance with the provisions of the Workmen's Compensation Act of this State.

This award, being subject to the provisions of an Act entitled "An Act making an Appropriation to Pay Compensation Claims of State Employees and providing for the Method of Payment Thereof" (Illinois Revised Statutes, 1939, Bar Association Edition, Chapter 127, Pars. 180-181), and being subject also to the terms of An Act entitled "An Act making Appropriations to the Auditor of Public Accounts for the Disbursement of Certain Monies until the Expiration of the First Fiscal Quarter after the Adjournment of the next Regular Session of the General Assembly," approved July 1, 1939 (Session Laws 1939, page 117) ; and being, by the terms of the first mentioned Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided by the foregoing Acts.